UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTEO ESTRADA-JASSO, | ) NO. CV 20-8455-JFW(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| T. JUSINO, Warden, | ) |
| Respondent. | ) |

**INTRODUCTION**

On September 15, 2020, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in Federal Custody Pursuant to Title 28 U.S.C. § 2241" ("Petition"). The Petition seeks to challenge a drug-related conviction and sentence suffered by Petitioner in the United States District Court for the District of Idaho. Although the Petition is somewhat confused and disorganized, Petitioner appears to contend:

///
///

1. Petitioner's plea allegedly was not knowing and voluntary, assertedly due to: (a) Petitioner's allegedly poor command of English and lack of education; (b) the alleged failure of Petitioner's counsel and the court properly to advise Petitioner concerning the plea; and (c) counsel's purported misadvisement that Petitioner would receive no greater than a ten-year sentence if Petitioner pled guilty;

2. Petitioner's counsel allegedly rendered ineffective assistance by assertedly: (a) failing to investigate the case or consult with Petitioner: (b) failing to inform Petitioner adequately of the nature of the charges or the consequences of the plea; (c) manipulating Petitioner into pleading guilty; and (d) advising Petitioner incorrectly that Petitioner would receive a ten-year sentence if Petitioner pled guilty;

3. The prosecutor allegedly committed misconduct by presenting supposedly unreliable, perjured testimony at the sentencing hearing in order to "exaggerate" the quantity of drugs involved;

4. Petitioner pled guilty to a crime Petitioner assertedly did not commit; the evidence adduced at the sentencing hearing allegedly was insufficient to prove the crime to which Petitioner pled guilty; and

5. The sentencing court supposedly applied the Sentencing Guidelines improperly.

///
///

**BACKGROUND**[1]

In 2006, Petitioner pled guilty in the United States District Court for the District of Idaho, pursuant to a plea agreement, to one count of conspiracy with intent to distribute over 500 grams of methamphetamine, in violation of 18 U.S.C. sections 841(a)(l) and 841(b)(1)(A). See United States v. Estrada-Jasso, United States District Court for the District of Idaho case number 4:05-cr-00245-BLW. The plea agreement provided that the Government would dismiss a possession count in return for Petitioner's plea of guilty to the conspiracy count. See "Rule 11 Plea Agreement" filed December 13, 2006 in United States v. Estrada-Jasso, United States District Court for the District of Idaho case number 4:05-cr-00245-BLW, at ¶ I. The "Factual Basis" portion of the plea agreement stated that, between January 2002 and April 2005, Petitioner agreed with other individuals to possess with intent to distribute in excess of 500 grams of methamphetamine and that, as part of and in furtherance of the conspiracy, Petitioner knowingly delivered to those individuals in excess of one kilogram of methamphetamine throughout the period of the conspiracy, which those individuals distributed to others. See id. at ¶ III.B. The plea agreement also advised Petitioner that the maximum sentence for the offense to which Petitioner would plead guilty was ten years to life, and that the sentencing judge had the final decision as to sentence and the "complete discretion to impose a

---

[1] The Court takes judicial notice of the dockets of, and the documents filed in, all of Petitioner's cases mentioned herein, available on the PACER database at https://pcl.uscourts.gov. See Porter v. Ollison, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010).

3

1 sentence other than the sentence recommended, including the maximum
2 sentence possible for the crimes to which defendant has pled." See
3 id. at IV, V. The plea agreement contained a waiver of the right to
4 appeal, except for certain challenges to Petitioner's sentence. Id.
5 at ¶ VI. The plea agreement also contained a waiver of the right to
6 bring a collateral attack, except for a motion to vacate sentence
7 pursuant to 28 U.S.C. section 2255 alleging ineffective assistance of
8 counsel "based solely on information not known to the defendant at the
9 time the district court imposed sentence and which, in the exercise of
10 reasonable diligence, could not have been known by the defendant at
11 that time." Id.

13 On March 12, 2007, following a hearing at which various witnesses
14 testified concerning the offense, the court found that the amount of
15 drugs involved exceeded 15 kilograms and that Petitioner had been an
16 "organizer, leader" of criminal activity involving five or more
17 participants. The court sentenced Petitioner to a term of 360 months
18 plus seven years' supervised release. Judgment was entered on
19 March 22, 2007.

21 The United States Court of Appeals for the Ninth Circuit
22 dismissed Petitioner's appeal on November 28, 2008, deeming the appeal
23 waiver in the plea agreement to be valid. See United States v.
24 Estrada-Jasso, 302 Fed. App'x 536 (9th Cir. 2008).

26 On July 20, 2009, Petitioner filed in the sentencing court a
27 "Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence
28 By a Person in Federal Custody." In the motion, Petitioner alleged

4

that his counsel had failed to object to the use of the drug quantity to increase Petitioner's sentence and also had failed to file a notice of appeal. The motion was filed as a civil action, styled Estrada-Jasso v. United States, United States District Court for the District of Idaho case number 4:09-00354-BLW. On June 6, 2010, the Idaho District Court dismissed the action on the merits. See United States v. Estrada-Jasso, 2010 WL 2278464 (D. Idaho June 6, 2010). The Ninth Circuit denied a certificate of appealability on February 2, 2011.

Subsequently, Petitioner has filed a number of challenges to his conviction and/or sentence in the sentencing court, as well as a number of applications in the Ninth Circuit for permission to file a second or successive section 2255 motion:

On January 31, 2011, Petitioner filed in the Ninth Circuit an application for permission to file a second or successive section 2255 motion. See Estrada-Jasso v. United States, case number 11-70427. The Ninth Circuit denied the application on April 21, 2011.

On April 27, 2012, Petitioner filed another application for permission to file a second or successive section 2255 motion. See Estrada-Jasso v. United States, case number 12-71312. The Ninth Circuit denied the application on June 12, 2012.

On November 25, 2013, Petitioner filed in his criminal case a "Petition to Invalidate Guilty Plea Pursuant to Writ of Error Audita Querela, etc." On October 28, 2014 the Idaho District Court issued an order: (1) denying the relief sought; (2) construing the petition as

"essentially" a successive section 2555 motion; and (3) ordering the petition forwarded to the Ninth Circuit for a determination whether to permit the filing of a second or successive section 2255 motion. See United States v. Estrada-Jasso, 2014 WL 5471929, at *1 (D. Idaho Oct. 28, 2014). On February 2, 2015, the Ninth Circuit denied permission to file a second or successive section 2255 motion. See Estrada-Jasso v. United States, case number 14-73380.

On April 13, 2016, Petitioner filed in the Ninth Circuit yet another application to file a second or successive section 2255 motion. See Estrada-Jasso v. United States, case number 16-71073. The Ninth Circuit denied the application on July 29, 2016.

On May 30, 2017, Petitioner filed in his criminal case a "Motion Requesting Relief From an Unjust Sentence Pursuant to Fed. R. Civ. P. 60(b)(6)." On November 14, 2017, the Idaho District Court issued an order construing the petition as a successive section 2255 motion and dismissing the petition for lack of jurisdiction. See United States v. Estrada-Jasso, 2017 WL 5473450, at *1 (D. Idaho Nov. 14, 2017).

Petitioner later filed in the Idaho District Court a "Petition for Application for Adjustment of States [sic] and Waiver of Admissibility, etc." See Estrada-Jasso v. United States, 2019 WL 4675368, at *1 (D. Idaho Sept. 25, 2019). On September 25, 2019, the Idaho District Court issued an order construing the petition as a section 2255 motion and dismissing the petition for lack of jurisdiction on the ground that the petition was successive. Id.
///

**DISCUSSION**

A federal prisoner who contends that his or her conviction or sentence is subject to collateral attack "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. A prisoner generally may not substitute a habeas petition under 28 U.S.C. section 2241 for a section 2255 motion. See 28 U.S.C. § 2255; see Stephens v. Herrera, 464 F.3d 895, 897-99 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Stephens v. Herrera, 464 F.3d at 897-99; Hernandez v. Campbell, 204 F.3d at 864. Here, Petitioner has applied for, and has been denied, section 2255 relief in the sentencing court.

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under section 2255 is 'inadequate or ineffective to test the legality of his detention.'"

Hernandez v. Campbell, 204 F.3d at 864-65; see also Stephens v. Herrera, 464 F.3d at 897. This "savings clause" exception to section 2255 exclusivity is a "narrow" exception. Ivy v. Pontesso, 328 F.3d 1057, 1059-60 (9th Cir.), cert. denied, 540 U.S. 1051 (2003); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). Mere lack of success in the sentencing court does not render the section 2255 remedy "inadequate or ineffective." Boyden v. United States, 463 F.2d 229, 230 (9th Cir. 1972), cert. denied, 410 U.S. 912 (1973); see Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir.), cert. denied, 488 U.S. 982 (1988) ("the district court's previous denial of relief on the merits is not alone sufficient to show that the section 2255 remedy is inadequate"). If the rule were otherwise, every disappointed prisoner/movant incarcerated in a district different from the sentencing district could pursue a repetitive section 2241 petition in the district of incarceration.

A federal prisoner may file a section 2241 petition under the savings clause only if the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012), cert. denied, 568 U.S. 1173 (2013) (citation and internal quotations omitted). "[T]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation and quotations omitted). "'Actual innocence' means factual innocence, not mere legal insufficiency." Marrero v. Ives, 682 F.3d at 1193 (quoting Bousley v. United States, 523 U.S. at 623) (internal brackets omitted).

8

The Court need not determine whether Petitioner has shown "actual innocence" because it is evident that Petitioner previously had an "unobstructed procedural shot" at presenting his claims. In the analysis of whether a petitioner had an "unobstructed procedural shot," the Court considers: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.), cert. denied, 555 U.S. 911 (2008) (internal quotations omitted). Here, the legal bases for all of Petitioner's claims arose before Petitioner exhausted his direct appeal and his first section 2255 motion. Further, there has been no change in the law material to any of Petitioner's claims following the sentencing court's denial of Petitioner's first section 2255 motion.

Accordingly, the savings clause does not apply in the present case. Therefore, the present Petition is a section 2255 motion over which this Court lacks jurisdiction.

A court lacking jurisdiction of a civil action may transfer the action to a court in which the action could have been brought, provided the transfer is "in the interest of justice." 28 U.S.C. § 1631; see Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." Id. at 1074 (citations and quotations omitted). In the present case, however, a transfer to the

1  sentencing court would be an idle act.  Transfer to the sentencing
2  court would not benefit the Petitioner because the sentencing court
3  would be unable to entertain the matter absent Ninth Circuit
4  authorization.  See 28 U.S.C. §§ 2244, 2255(h); Copeland v. Martinez,
5  2020 WL 2097745, at *3 (C.D. Cal. Apr. 30, 2020) (transfer of
6  successive section 2255 motion to sentencing court would be futile
7  where petitioner had not obtained authorization to file motion from
8  the court of appeals); Crosby v. Ives, 2014 WL 6884017 (C.D. Cal.
9  Dec. 3, 2014) (same); Scott v. Ives, 2009 WL 2051432 (E.D. Cal.
10 July 10, 2009) (same).  Petitioner evidently has not obtained such
11 authorization.  The Ninth Circuit's docket does not reflect that any
12 person named Doroteo Estrada-Jasso ever has obtained authorization to
13 file a second or successive section 2255 motion.  See 28 U.S.C. §§
14 2244, 2255(h).  Therefore, transfer is inappropriate.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ORDER**

For the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   September 21, 2020.

```
                    _____
                           JOHN F. WALTER
                    UNITED STATES DISTRICT JUDGE
```

Presented this 21st day of September, 2020, by:

```
         /s/
    _____
       CHARLES F. EICK
    UNITED STATES MAGISTRATE JUDGE
```